**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | | |
|---|---|---|
| NEIL ZIEGMANN, | ) | |
| | ) | No. 5:13-cv-04007 |
| Plaintiff, | ) | |
| | ) | Judge Donald E OBrien |
| v. | ) | Magistrate Leonard T Strand |
| | ) | |
| SUDDEN VALLEY SUPPLY, LLC, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

COMES NOW the Plaintiff, Neil Ziegmann ("Ziegmann"), and for his Complaint against the Defendant, Sudden Valley Supply, LLC ("Sudden Valley Supply"), states and alleges as follows:

## I.     THE PARTIES

1.     Ziegmann is a citizen of Iowa and resides at 270 E. Shore Drive, Lake View, Iowa.

2.     Upon information and belief, Sudden Valley Supply is a limited liability company organized and existing under the laws of the State of Missouri and has a principal place of business at 17762 Sudden Valley Lane, Warrenton, Missouri.

## II.     JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 United States Code.

4.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

5.     This Court has personal jurisdiction over Sudden Valley Supply because Ziegmann's cause of action arises out of or relates to the Sudden Valley Supply's activities in Iowa and within the Northern District of Iowa.  Sudden Valley Supply purposefully availed itself of the privilege of conducting activities within Iowa and this District, by selling and offering for sale infringing products in this District, and by committing acts of infringement in this District. Such infringing acts include, but are not limited to, specifically targeting the Northern District of Iowa by selling infringing products to consumers through its dealer "The Snare Shop" in Lidderdale, Iowa, and selling the infringing products into the stream of commerce through its active website http://suddenvalleysupply.com, knowing that such products would be sold in Iowa and in this District.  Assertion of personal jurisdiction is reasonable and fair because Ziegmann's claim arose out of or relates to these infringing activities by Sudden Valley Supply specifically targeting the Northern District of Iowa.

6.     Venue is proper in the Northern District of Iowa under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) since Sudden Valley Supply resides in this District by virtue of its doing business in this District and since a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III.    GENERAL ALLEGATIONS

7.     On July 31, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,230,642 B2 ("the '642 patent"), entitled "Raccoon Trap," claiming the animal trap disclosed therein.  The '642 patent is based on Provisional Application No. 61/175,068, filed on May 4, 2009.  Ziegmann is the sole inventor and owner of all right, title, and interest in the '642 patent.  A true and correct copy of the '642 patent is attached hereto as Exhibit A.

8. The '642 patent is directed towards a humane, live-capture raccoon trap having a push-pull trigger that can be released in two, opposite directions. The trigger on the raccoon trap is movable in opposite forward and rearward directions by an animal, such as a raccoon, by reaching its paw into a tubular housing of the trap and pushing or pulling the trigger, such that a restraint is released into a closed position to catch the animal's paw in the tubular housing.

9. Ziegmann is the President of N.P.Z., Inc., an Iowa corporation having its principal place of business in Lake View, Iowa. N.P.Z., Inc. promotes and sells the patented raccoon traps under the mark "Ztraps." The Ztraps raccoon traps have enjoyed substantial success and are protected by intellectual property rights owned by Ziegmann. Photographs of Ztraps raccoon traps placed in the field have been included below:

 

### IV.  FIRST CLAIM FOR RELIEF
(Patent Infringement of U.S. Patent No. 8,230,642 B2)

10. Ziegmann repeats and re-alleges the allegations of paragraphs 1-9 of this Complaint as if set forth fully herein.

11. Sudden Valley Supply, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '642 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products under the mark

"Coon Dagger: The Dog Proof Trap" that fall within the scope of one or more claims contained in the '642 patent.

12.     Photographs of at least one version of the infringing "Coon Dagger: The Dog Proof Trap" raccoon trap have been included below:

 

13.     Sudden Valley Supply's acts of infringement were undertaken without permission or license from Ziegmann.  Sudden Valley Supply had actual knowledge of the '642 patent after receiving a cease and desist letter from Ziegmann's attorney, mailed on July 27, 2012.  Thus, Sudden Valley Supply's continued manufacture, use, and sales constitute willful and intentional infringement of the '642 patent.

14.     Ziegmann is informed and believes, and thereon alleges, that Sudden Valley Supply has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Ziegmann.  By reason of the aforesaid infringing acts, Ziegmann has been damaged and will continue to be damaged in the future unless Sudden Valley Supply is permanently enjoined from

infringing, either directly or indirectly, said patent. Thus, Ziegmann is entitled to monetary relief in an amount to be determined at trial.

15. Due to the aforesaid infringing acts, Ziegmann has suffered and continues to suffer great and irreparable injury, for which Ziegmann has no adequate remedy at law.

WHEREFORE, Ziegmann prays for judgment in its favor against Sudden Valley Supply for the following relief:

A. An Order adjudging Sudden Valley Supply to have willfully infringed the '642 patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Sudden Valley Supply, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Sudden Valley Supply, from directly or indirectly infringing the '642 patent in violation of 35 U.S.C. § 271;

C. That Sudden Valley Supply accounts for all gains, profits, and advantages derived by Sudden Valley Supply's infringement in violation of 35 U.S.C. § 271, and that Sudden Valley Supply pay to Ziegmann all damages suffered by Ziegmann;

D. An Order for a trebling of damages and/or exemplary damages because of Sudden Valley Supply's willful conduct pursuant to 35 U.S.C. § 284;

E. An Order adjudging that this is an exceptional case;

F. An award to Ziegmann of the attorneys' fees and costs incurred by Ziegmann in connection with this action pursuant to 35 U.S.C. § 285;

G. That Sudden Valley Supply be directed to file with this Court and serve on Ziegmann within thirty (30) days after the service of the injunction, a report in writing, under

oath, setting forth in detail the manner and form in which Sudden Valley Supply has complied with the injunction;

  H. An award of pre-judgment and post-judgment interest and costs of this action against Sudden Valley Supply; and

  I. Such other and further relief as this Court may deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff Ziegmann hereby demands a trial by jury on all issues so triable.

         Respectfully submitted,


          /s/ Jeffrey D. Harty
        Jeffrey D. Harty
        Luke C. Holst
        McKEE, VOORHEES & SEASE, P.L.C.
        801 Grand Avenue, Suite 3200
        Des Moines, IA 50309-2721
        Phone:  515-288-3667
        Fax:  515-288-1338
        Email:  jeff.harty@ipmvs.com
        Email:  luke.holst@ipmvs.com
        Email: mvslit@ipmvs.com

        *ATTORNEYS FOR PLAINTIFF NEIL ZIEGMANN*